MADISON v CITY OF DETROIT

Docket No. 116158. Submitted January 11, 1990, at Detroit. Decided March 19, 1990.

Whittie Mae Madison, individually and as personal representative of the estate of Sherry Ann Madison, deceased, and Charlita Madison filed suit against the City of Detroit and others in Wayne Circuit Court alleging negligence in connection with an automobile accident in which Sherry Ann Madison was killed and Charlita Madison was seriously injured. Following a settlement agreement, the parties moved for the entry of a consent judgment, which was accepted and entered by the court on September 14, 1988. The judgment was silent on the matters of prejudgment and postjudgment interest. Defendants failed to timely satisfy the judgment, and plaintiffs levied execution by filing a writ of garnishment against the insurance carrier for the City of Detroit. On December 13, 1988, plaintiffs received $420,000 from the insurance carrier, and on January 23, 1989, they received the balance due of $100,000 through a direct payment from the city. No satisfaction of judgment was executed, and plaintiffs moved for an award of prejudgment interest, postjudgment interest, costs, and attorney fees. The court, John H. Gillis, Jr., J., denied the motion as to prejudgment and postjudgment interest but awarded actual costs incurred in connection with the postjudgment motions and writs. Plaintiffs appealed.

The Court of Appeals *held:*

1. An offer to stipulate to the entry of a judgment is deemed to include all interest and costs then accrued. In this case, there was no agreement, understanding, or discussion between the parties as to prejudgment interest, therefore the parties' mutual consent to the judgment is deemed to include all interest then accrued. The denial of an award of prejudgment interest is affirmed.

2. Once a consent judgment is entered by the sanction and

REFERENCES

Am Jur 2d, Interest and Usury §§ 59, 60.

See the Index to Annotations under Consent Judgments; Interest on Money; Judgments, Orders, and Decrees; Prejudgment Interest.

order of the court, it possesses the same force and character as other judgments, and the running of statutory interest on the judgment commences. The judgment at issue contained no provision to stay its enforcement or toll the accrual of interest. Accordingly, in lieu of a waiver by plaintiffs, satisfaction of the judgment is expected within twenty-one days and interest accrues until the judgment is paid in full. The trial court clearly erred in denying plaintiffs' motion for postjudgment interest.

Affirmed in part, reversed in part, and remanded for entry of an award of postjudgment interest.

1. INTEREST — JUDGMENTS — CONSENT JUDGMENTS — PREJUDGMENT INTEREST.

Statutory prejudgment interest on a money judgment should not be awarded where the action ends in a consent judgment, absent an agreement by the parties that such interest should be awarded (MCL 600.6013; MSA 27A.6013).

2. INTEREST — JUDGMENTS — OFFER OF JUDGMENT.

An offer of a judgment which is made in accordance with the provisions of the general court rules is by statute and court rule intended to include any statutory prejudgment interest so that settlements are encouraged and protracted litigation is avoided; accordingly, it is error to enter judgment in the amount of the offer of judgment plus the statutory prejudgment interest (MCL 600.6013; MSA 27A.6013; MCR 2.405[A][1]).

3. INTEREST — JUDGMENTS — CONSENT JUDGMENTS.

Once a consent judgment is entered by the sanction and order of the court, it possesses the same force and character as other judgments and statutory interest begins to accrue on the judgment; in lieu of a waiver, satisfaction of the judgment is expected within twenty-one days and interest accrues until the judgment is paid in full (MCL 600.6013; MSA 27A.6013; MCR 2.614[A][1]).

*Shrauger, Dunn & Aronson, P.C.* (by *P. Robert Shrauger*), for plaintiffs.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Matthew A. Seward* and *Rosalind Rochkind*), for defendants.

Before: Griffin, P.J., and Reilly and R. B. Burns,* JJ.

Griffin, P.J., Plaintiffs appeal as of right from a lower court order denying plaintiffs' motion for prejudgment and postjudgment interest on a consent judgment. We affirm as to prejudgment interest, but reverse and remand as to postjudgment interest.

I

Plaintiffs' complaint alleged negligence in connection with an automobile accident in which Sherry Ann Madison was killed and Charlita Madison was seriously injured.

After reaching a settlement, the parties moved for the entry of a consent judgment which was accepted and entered by the Wayne Circuit Court on September 14, 1988. The consent judgment awarded $400,000 to the estate of Sherry Ann Madison and $120,000 to Charlita Madison; the judgment was silent on the matters of prejudgment and postjudgment interest.

After the defendants failed to timely satisfy the judgment, the plaintiffs levied execution by filing a writ of garnishment against the insurance carrier for the City of Detroit. In response to the writ, the plaintiffs received on December 13, 1988, checks totalling $420,000 from the insurance carrier. The remaining $100,000 was finally received by the plaintiffs on January 23, 1989, through a direct payment from the city. A satisfaction of judgment was never executed.

On February 10, 1989, a hearing was held on plaintiffs' motion for an award of prejudgment

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

interest, postjudgment interest, costs, and attorney fees. The lower court denied the motion as to prejudgment and postjudgment interest but awarded actual costs in the sum of $384.90 incurred in connection with plaintiffs' postjudgment motions and writs. The lower court justified its ruling to plaintiffs' counsel as follows:

> You knew it was going to take time. It always takes time to settle with the city.

## II

On appeal, plaintiffs argue that the lower court erred by failing to award prejudgment and postjudgment interest on the judgment.

Since 1965, Michigan has authorized recipients of tort money judgments to obtain prejudgment interest from the date the complaint is filed. *Matich v Modern Research Corp,* 430 Mich 1, 7; 420 NW2d 67 (1988); *Ballog v Knight Newspapers, Inc,* 381 Mich 527, 533-534; 164 NW2d 19 (1969). As noted by the Supreme Court in *Matich, supra,* the statutory basis for awarding *post*judgment interest dates back to 1846.

The applicable statute for the instant action is MCL 600.6013; MSA 27A.6013, which provides in pertinent part:

> (4) For complaints filed on or after June 1, 1980, but before January 1, 1987, interest shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually unless the judgment is rendered on a written instrument having a higher rate of interest. In that case interest shall be calculated at the rate specified in the instrument if the rate was legal at the time

the instrument was executed. The rate shall not exceed 13% per year compounded annually after the date judgment is entered.

The purpose of an award of interest is to compensate the prevailing party for the delay in receiving payment of an owed obligation. *Stewart v Isbell,* 155 Mich App 65, 79-80; 399 NW2d 440 (1986).

In *Young v Robin,* 146 Mich App 552, 558-559; 382 NW2d 182 (1985), lv den 424 Mich 900 (1986), the parties settled a tort claim by agreeing to enter into a consent judgment for a sum certain. Although the settlement sum was agreed to, the subject of prejudgment interest was never raised, discussed, or agreed upon by the parties. This Court in addressing the plaintiffs' claim for prejudgment interest on the consent judgment held that prejudgment interest should not be awarded under such circumstances since the mutual consent of the parties to the judgment did not include an agreement as to prejudgment interest. Judge MAHER in his concurring opinion noted that the result reached was consistent with MCR 2.405(A)(1),[1] which provides that an offer to stipulate to the entry of a judgment is deemed to include all interest and costs then accrued.

The issue of prejudgment interest in the instant case is controlled by *Young.* As in *Young,* there was no agreement, understanding, or discussion between the parties in this case as to prejudgment interest; accordingly, the parties' mutual consent to the judgment is deemed to include all interest then accrued. The denial by the lower court of an award of *pre*judgment interest is therefore affirmed.

---

[1] MCR 2.405(A)(1) would not be directly applicable for the reason that the court rule requires the offer of judgment to be in writing.

III

The issue of *post*judgment interest is a different matter.

In *Trendell v Solomon,* 178 Mich App 365; 443 NW2d 509 (1989), we rejected the argument and dictum in *Young v Robin, supra,* that consent judgments are to be treated as mere contracts between the parties. In *Trendell,* we held that once a consent judgment is entered by the sanction and order of the court, it possesses the same force and character as other judgments.

In the present case, the parties chose to memorialize their settlement into a consent judgment rather than by a stipulation for dismissal. The entry of the judgment by the circuit court not only gave judicial approval to the settlement with the estate, but also commenced the running of interest on the judgment. The judgment at issue contains no provision to stay its enforcement or toll its interest. Accordingly, in lieu of a waiver by the plaintiffs, satisfaction of the judgment is expected within twenty-one days, MCR 2.614(A)(1),[2] and interest runs until the judgment is paid in full. MCL 600.6013; MSA 27A.6013.

We reject outright the argument accepted below that the plaintiffs impliedly consented to a long and uncertain delay by entering into a judgment against the City of Detroit. Even if, as defendants argue, the City of Detroit has a reputation for chronic tardiness in satisfying its legal obligations, there is no indication in the record that the plaintiffs consented to such a dilatory course of conduct in the present case. On the contrary, the plaintiffs'

---

[2] MCR 2.614(A)(1) provides in pertinent part: "Except as provided in this rule, execution may not issue on a judgment and proceedings may not be taken for its enforcement until the expiration of 21 days after its entry."

actions in executing upon the judgment evidences a desire and expectation for prompt payment, particularly from the city's insurance carrier which was acknowledgedly responsible to pay the judgment subject to a $100,000 deductible.

In this instance, postjudgment interest is authorized by statute. Since the award of such interest was neither limited by the judgment nor waived by the plaintiffs, we hold that the lower court clearly erred by denying plaintiffs' motion for postjudgment interest.

Affirmed in part and reversed in part and remanded with instructions for the lower court to enter an award of postjudgment interest. We do not retain jurisdiction.