**Lena P. TAYLOR and Warren Taylor, Appellants,**

v.

**UNITED PARCEL SERVICE, INC., Respondents.**

No. 75378.

Supreme Court of Missouri, En Banc.

May 25, 1993.

Rehearing Denied June 29, 1993.

Mark Parrish, Robert M.N. Palmer, Todd M. Thornhill, Springfield, for appellants.

Matthew Placzek, William W. Francis, Jr., Debra O'Neal Jackson, Springfield, for respondents.

ROBERTSON, Chief Justice.

We granted transfer in this case to consider the interplay between Rule 81.05, relating to the time for filing a notice of appeal, and Rule 75.01, which permits the trial court to retain control over its judgments for thirty days after judgment is entered. The question before the Court is whether the time for filing an appeal runs from the date of the trial court's refusal to reconsider a summary judgment previously entered or from the expiration of the thirty days provided by Rule 75.01. Our jurisdiction is predicated on Article V, Section 10 of the Constitution. As did the Court of Appeals, Southern District, we dismiss the appeal.

## I.

Lena and Warren Taylor, appellants, filed a personal injury action against United Parcel Service, Inc. (UPS). UPS moved for summary judgment. The trial court sustained the motion. The next day, the Taylors filed a document styled, "Motion to Reconsider the Order of the Court Granting Defendant's Motion for Summary Judgment." The trial court overruled that motion. The Taylors waited thirteen days to file their notice of appeal. For ease of understanding, the procedural history of this case follows:

August 28, 1991: Trial court granted United Parcel Service's ("UPS") Motion for Summary Judgment.

August 29, 1991: Lena and Warren Taylor (the "Taylors") filed their Motion to Reconsider the Order of the Court Granting Defendant's Motion for Summary Judgment.

September 17, 1991: Trial court overruled the Taylors' motion to reconsider.

October 3, 1991: The Taylors filed their notice of appeal.

September 14, 1992: Court of Appeals, Southern District, dismissed the Taylors' appeal as untimely.

## II.

■ The initial judgment entered by a trial court is not final. Rule 75.01 permits the trial court to retain

control over judgments during the thirty day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason from which it might have granted a new trial on motion of a party....

\*   \*   \*   \*   \*   \*

The thirty day period after entry of judgment for granting a new trial is not shortened by the filing of a notice of appeal....

In a manner consistent with Rule 75.01, Rule 81.05(a) announces that *"[f]or purposes of ascertaining the time within which an appeal may be taken,* a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for new trial is filed." [Emphasis added.] *Rule 81.05(a).* However, when a motion for new trial is filed, the judgment becomes final at the end of ninety days, if the trial court fails to rule on the new trial motion "or, if such motion is passed on at an earlier date, then [the judgment becomes final] at the date of disposition of said motion." *Id.*

■ Rule 81.05(a) also directs that "[a]uthorized after-trial motions [1] shall be treated as ... a new trial motion for purposes of ascertaining the time within which an appeal must be taken." *Id.* A motion for a new trial is a motion directed toward errors of fact or law in the trial. Rule 78.07; *Brown v. Beeney,* 756 S.W.2d 940, 941 (Mo.App.1988).

■ These rules, read together, clearly say that an initial judgment entered by a trial court remains open for a minimum of thirty days *unless* the trial court overrules a motion for a new trial prior to the expiration of thirty days. In that event, the judgment becomes final *for purposes of appeal* when the motion for new trial is ruled. Rule 75.01 does not require a contrary result. Even if the trial court overrules a motion for new trial and judgment becomes final for purposes of an appeal prior to the expiration of thirty days following entry of judgment, the trial court retains its Rule 75.01 authority until the thirty days expires. This is the import of the final sentence of Rule 75.01. "The thirty day period after entry of judgment ... is not shortened by the filing of a notice of appeal."

■ We believe the language of Rule 81.05(a) is clear and unambiguous. Calculation of the time for appeal occurs under that rule, not Rule 75.01. Thus, the notice of appeal "shall be filed not later than ten days after the judgment or order appealed from becomes final," *Rule 81.04,* as finality is defined by Rule 81.05.

■ In this case, the Taylors filed a "Motion to Reconsider the Order of the Court Granting Defendant's Motion for Summary Judgment" one day after the trial court entered summary judgment. Reading the rules with a newfound "clarity," the Taylors now argue that their motion is not an authorized post-trial motion and the time calculations of Rule 81.05 do not apply. They contend that their motion is no more than an invitation to the trial court to exercise its Rule 75.01 authority. Under the Taylors' contention, the trial court's decision to overrule their motion had no effect on the time within which their appeal had to be filed. They contend that the judgment became final for purposes of appeal thirty days after August 18, 1991.

UPS asserts that the Taylors' motion is a motion for new trial, that the trial court's decision to overrule the motion renders the judgment final, and that the time for appeal expired ten days after the trial court ruled the Taylors' motion. Under the UPS argument, the Taylors' time for filing an appeal expired September 27, 1991; the notice of appeal the Taylors filed on October 3, 1991, was thus a nullity as untimely.

■ "A trial is a judicial examination and determination of issues between the parties to an action, whether they be issues of law or fact, before a court that has jurisdiction." *Tittsworth v. Chaffin,* 741

---

**1.** The phrase "authorized after-trial motions" has its origin in the Civil Code of 1943. That Code recognized six post-trial motions as coming within that phrase: (1) a motion to dismiss after a jury is empaneled on order of the court, Mo.R.S.A. Section 847.99(b) (Supp.1950); (2) motion for directed verdict, Mo.R.S.A. Section 847.112 (Supp.1950); (3) motion to set aside the jury's verdict and enter judgment in accordance with motion for directed verdict, Mo.R.S.A. Section 847.113 (Supp.1950); (4) motion to amend the judgment within ten days after entry of judgment, Mo.R.S.A. Section 847.114 (Supp. 1950); (5) motion for new trial filed within ten days after entry of judgment, Mo.R.S.A. Section 847.116 (Supp.1950); and (6) motion "praying for appropriate relief in the premises" in lieu of motion for judgment notwithstanding the verdict, Mo.R.S.A. Section 847.120 (Supp.1950). (Current versions at RSMo 510.130.2, 510.280, 510.290, 510.310, 510.340, and 510.380 (1986), respectively). *Johnson v. Kansas City Public Service Co.,* 358 Mo. 253, 214 S.W.2d 5, 7 (1948).

Under the current Supreme Court Rules, an "authorized after-trial motion" is a motion for which the rules expressly provide. Currently, the rules expressly contemplate a motion to dismiss without prejudice after the introduction of evidence is commenced under Rule 67.01; a motion for a directed verdict under Rule 72.01(a); a motion for judgment notwithstanding the verdict under Rule 72.01(b); a motion to amend the judgment, Rule 73.01(a)(3); a motion for relief from judgment or order under Rule 74.06(a) and (b), but see, Rule 74.06(c); and a motion for a new trial under Rule 78. Rule 81.05(a) directs that "[a]uthorized after trial motions shall be treated as ... a new trial motion for purposes of ascertaining the time within which an appeal must be taken."

S.W.2d 314, 317 (Mo.App.1987). For purposes of the rules, a summary judgment proceeding is a trial because it results in "[a] judicial examination and determination of the issues between the parties."

The Taylors' motion claims that the trial court committed an error of law in sustaining the UPS motion for summary judgment. The Taylors' motion, despite its odd style, places before the trial court allegations of error. It is, therefore, appropriate to treat it as a motion for new trial filed pursuant to Rule 81.05.

This conclusion is consistent with *In re Franz' Estate*, 359 Mo. 362, 221 S.W.2d 739, 740 (1949). In *Franz' Estate*, this Court held that a motion to set aside a default judgment "was nothing more than a motion asking the trial court to reconsider its ruling and to set aside its dismissal order. It was, in fact, simply a motion for rehearing or new trial." *Accord Love Mortgage Properties, Inc. v. Horen*, 639 S.W.2d 839, 840 (Mo.App.1982).

■ For purposes of ascertaining the time within which an appeal may be taken, the judgment against the Taylors became final on September 17, 1991. Under Rule 81.04(a), the Taylors were required to file their notice of appeal by September 27, 1991. The October 3, 1991, filing was too late to invoke the jurisdiction of the appellate court.

We add this final comment for the sake of emphasis. Nothing in this opinion should be read to diminish the authority of a trial court to vacate, reopen, correct, amend or modify its judgments within the thirty days provided by Rule 75.01. Although not relevant in this case, the language of Rule 75.01 makes clear that the timely filing of a notice of appeal in this case did not serve to shorten the thirty days granted the trial court under the rule.

### III.

The appeal is dismissed as untimely filed.

All concur.