Laura L. McHAFFIE, By and Through
her Conservator Dave WIELAND,
Plaintiff–Respondent,

v.

Cindy D. BUNCH, Defendant,

and

Donald R. Farmer and Rumble
Transport, Defendants–
Appellants.

No. 20965.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 2, 1997.

William W. Francis, Jr., Jacinda A. Thudium, Placzek, Francis & Overby, Springfield, for defendants–appellants.

Thomas Strong, Cynthia O. MacPherson, James A. Burt, Strong & Associates, P.C., Springfield, for plaintiff–respondent.

Before SHRUM, J., MONTGOMERY, C.J., and BARNEY, J.

PER CURIAM.

This appeal comes after the retrial of this case subsequent to the Supreme Court's opinion in *McHaffie v. Bunch,* 891 S.W.2d 822 (Mo. banc 1995) (*McHaffie I*). That opinion should be read as a preface to this opinion.

*McHaffie I* upheld the jury's allocation of 10 percent fault to Plaintiff McHaffie and 70 percent fault to Defendant Bunch. However, the Supreme Court reversed that part of the judgment which assessed 20 percent fault to Defendants Farmer, Rumble and Bruce. A retrial was ordered to allocate the 20 percent of fault previously attributed to the latter three defendants. Finding no prejudice in the assessment of Plaintiff's damages of $5,258,000, that portion of the judgment was affirmed.[1] The trial court's judgment of May 20, 1992, also determined that the Defendants were jointly and severally liable to Plaintiff for prejudgment interest in the amount of $831,925.40.

After retrial of the case, the trial court filed its judgment on March 21, 1996. Rele-

---

1. The legal file before us contains the judgment of May 20, 1992, which recites that the jury's verdict set Plaintiff's damages at $5,280,000.

Because of our disposition of this case, the $22,000 discrepancy in the actual amount of the judgment is immaterial.

vant portions of the judgment read as follows:

Thereafter, on March 19, 1996, the jury returns a verdict into open Court re-assessing fault pursuant to the judgement entered in this cause on the 20th day of May, 1992, as follows:

| Laura L. McHaffie | 10% fault |
| Cindy D. Bunch | 75% fault |
| Rumble Transport and Donald Farmer | 15% fault |

Said verdict having been seen and examined by the Court, it is approved and ordered filed.

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED BY THE COURT that Plaintiff have and recover from Defendants and each of them, jointly and severally, on the judgment entered in this cause on May 20, 1992.

IT IS FURTHER ORDERED that costs are to be taxed against the Defendants for which execution may issue.

Defendants Rumble and Farmer appeal asserting numerous claims of error. The appeal is dismissed because the judgment lacks finality for failing to dispose of all issues in the case. The judgment does not address the award of prejudgment interest requested by Plaintiff in her fifth amended petition.

Finality of a judgment is a prerequisite to appellate jurisdiction. *Quiktrip Corp. v. City of St. Louis,* 801 S.W.2d 706, 710 (Mo.App.1990). Where the record on appeal presents a question about a judgment's finality, the appellate court is obliged to, *sua sponte,* resolve the issue. *Id.*

"A final and appealable judgment disposes of all issues in the case and leaves nothing for future determination, unless the trial court has specifically designated the order as a final judgment for purposes of appeal." *Bay's Texaco Service & Supply Co., Inc. v. Mayfield,* 792 S.W.2d 50, 51 (Mo.App.1990). A trial court designates an order that disposes of one or more but fewer than all claims as a final judgment for purposes of appeal by expressly finding there is no just reason for delay in entering judgment as to that claim or claims.

Rule 74.01(b).... "In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties,...." *Id.*[2] *Birdsong v. Bydalek,* 905 S.W.2d 896, 897 (Mo.App.1995).

The reversal of the May 20, 1992, judgment assessing fault to Farmer and Rumble means that said judgment as to them "is void and of no force or effect." *See Wakili v. Wakili,* 918 S.W.2d 332, 341 (Mo.App.1996). The reversal of Farmer's and Rumble's allocation of fault necessarily reversed the assessment of prejudgment interest against them. The Supreme Court recognized this result in *McHaffie I* by declining to address the point raised by Farmer, Rumble and Bruce concerning the trial court's award of prejudgment interest against them. The Court said it was not appropriate to address that issue because "the amount of the judgment against the defendants is as yet undetermined, and indeed there may be no judgment entered against Rumble, Bruce and Farmer on retrial." 891 S.W.2d at 830.

Plaintiff also apparently recognized the lack of a prejudgment interest award against Farmer and Rumble when she filed her fifth amended petition in March of 1995. Paragraph 26 of that petition requested prejudgment interest pursuant to § 408.040. Plaintiff's allegations in that paragraph tracked the requirements of § 408.040.2 which states in pertinent part:

In tort actions, if a claimant has made a demand for payment of a claim or an offer of settlement of a claim, to the party, parties or their representatives and the amount of the judgment or order exceeds the demand for payment or offer of settlement, prejudgment interest ... shall be calculated from a date sixty days after the demand or offer was made, or from the date the demand or offer was rejected without counter offer, whichever is earlier. Any such demand or offer shall be made in writing and sent by certified mail and shall

**2.** No determination under Rule 74.01(b) was made in this case.

be left open for sixty days unless rejected earlier.

Farmer's and Rumble's answer to paragraph 26 denied that Plaintiff was entitled to an award of prejudgment interest.

In a claim for prejudgment interest under § 408.040.2, the prevailing claimant is entitled to such an award "if (1) the claimant made a demand for payment or an offer of settlement, and this demand or offer was left open for sixty days; and (2) the amount of the later judgment exceeded that of the claimant's demand or offer of settlement. If these conditions are met, then the prevailing party shall be awarded prejudgment interest...." *Hurst v. Jenkins*, 908 S.W.2d 783, 786 (Mo.App.1995). Clearly, a party has no claim for prejudgment interest without a favorable judgment. In this case, Plaintiff had no favorable judgment against Farmer and Rumble until March 21, 1996, when the present judgment was entered. At that point, Plaintiff's claim for prejudgment interest against Farmer and Rumble was ripe for adjudication based on the pleadings before the court. "If a claim for prejudgment interest has been framed by the pleadings or tried by consent, the trial court can award prejudgment interest." *Brown v. Donham*, 900 S.W.2d 630, 632 (Mo. banc 1995).

In *Alliett & Williams v. Tri–City Constr. Co.*, 694 S.W.2d 287 (Mo.App.1985), the trial court confirmed an arbitrator's award. Plaintiff also sought interest on the award. The appellate court determined that the judgment was not final because it was silent on the interest request. The court said:

> Failure to dispose of all issues renders the judgment non-final and non-appealable, and we have no jurisdiction of the appeal. We are unable to find any case where any appellate court has ever treated a judgment's silence on an issue as constituting a disposition of that issue except, perhaps, in a case where a ruling on one issue necessarily constituted a ruling on another.

*Id.* at 288 (citations omitted).

Like the judgment in *Alliett*, the instant judgment is silent on whether Plaintiff is entitled to prejudgment interest from Farmer and Rumble. Failure to dispose of that issue renders the judgment non-final and non-appealable, and we have no jurisdiction of the appeal.

Appeal dismissed.