Keith ANDERSON, Appellant,

v.

SHELTER MUTUAL INSURANCE COMPANY, Respondent.

No. ED 83118.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 10, 2004.

Matthew J. Padberg, Mark A. Keersemaker, Jr., St. Louis, MO, for appellant.

Seth G. Gausnell, Christopher J. Lang, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Keith Anderson ("Anderson") appeals from the trial court's judgment in favor of Shelter Mutual Insurance Company ("Shelter") and against him on each party's respective motions for summary judgment. Anderson argues on appeal that the trial court erred by: (1) entering summary judgment in favor of Shelter and against him because the Circuit Court of Jefferson County ("Jefferson County") had jurisdiction to enter its June 27, 2002 judgment for pre-judgment interest and therefore, the Circuit Court of the City of St. Louis ("St. Louis") was collaterally estopped from relitigating the issue of pre-judgment interest; and (2) overruling his motion for summary judgment because he was entitled to pre-judgment interest on his judgment against Shelter and Raymond Kallmeyer ("Kallmeyer") in that his pre-judgment interest demand was for $30,000 and the judgment entered against Shelter and Kallmeyer was $32,000. We find no error and affirm.

On December 3, 1999, Kallmeyer, as a permissive user of a vehicle owned by Sally Elder, was involved in automobile accident with Anderson. At the time of the accident Sally Elder had automobile insurance covering the automobile involved in the accident with Shelter. On August 30, 2000, as a result of the accident, Anderson

mailed a certified letter to Shelter, containing a demand for settlement in the amount of $30,000.00 pursuant to Section 408.040, RSMo 2000 [1], and on September 1, 2000, he filed a personal injury lawsuit against Kallmeyer in Jefferson County.

Shelter undertook to defend and represent Kallmeyer. Shelter responded to Anderson's August 30, 2000 demand letter with an offer of $15,000.00. On May 6, 2002, a trial was held to adjudicate the lawsuit, and on May 9, 2002, following a jury verdict, judgment was entered in favor of Anderson and against Kallmeyer in the sum of $22,000.00 for compensatory damages and $10,000.00 in punitive damages. On that same day, Anderson filed a motion for pre-judgment interest, which Shelter objected to on behalf of Kallmeyer.

Subsequently, on June 27, 2002, Jefferson County entered an amended judgment adding an award for pre-judgment interest. To satisfy his judgment, on July 9, 2002, Anderson filed a garnishment action against Shelter in St. Louis requesting attorney's fees, costs and both pre- and post-judgment interest. On December 2, 2002, Shelter tendered to Anderson the sum of $23,155.00 in satisfaction of the compensatory damages portion of the judgment, inclusive of post-judgment interest, but not pre-judgment interest.

On January 3, 2003, Anderson filed a Motion for Summary Judgment in St. Louis seeking pre-judgment interest in the amount of $4,749.78, alleging that he was entitled to pre-judgment interest as a matter of law because he met the requirements of Section 408.040 and because Shelter was collaterally estopped from relitigating the issue of pre-judgment interest. In response, Shelter filed its motion for summary judgment alleging that it was not responsible for payment of pre-judg-

ment interest because its policy excluded coverage for punitive damages awards, and because the Jefferson County judgment awarding pre-judgment interest was entered without jurisdiction. On May 23, 2003, St. Louis entered its judgment granting Shelter's summary judgment motion and denying Anderson's. This appeal follows.

When considering an appeal from summary judgment, we review the record essentially *de novo* and in the light most favorable to the party against whom judgment was entered. *James v. Paul*, 49 S.W.3d 678, 682 (Mo. banc 2001). If no genuine issues of material fact exist and summary judgment was proper as a matter of law, the ruling will be upheld on appeal. *Id.*

In his first point on appeal, Anderson argues that St. Louis was collaterally estopped from entering its May 23, 2003 judgment denying Anderson pre-judgment interest because Jefferson County had already adjudicated the issue of pre-judgment interest in its June 27, 2002 amended judgment.

When reviewing whether a claim should have been barred by collateral estoppel, we consider four factors:

(1) was the issue decided in the prior adjudication identical with the issue presented in the present action;

(2) did the prior adjudication result in a judgment on the merits;

(3) was the party against whom collateral estoppel is asserted a party or in privity with a party to the prior adjudication; and

(4) did the party against whom collateral estoppel is asserted have a full and fair opportunity to litigate in the prior suit.

1. All statutory references are to RSMo 2000 unless otherwise indicated.

*St. Louis University v. Hesselberg Drug Co.*, 35 S.W.3d 451, 455 (Mo.App. E.D. 2000).

In their brief, Shelter makes a counter argument that St. Louis was not collaterally estopped from entering its May 23, 2003 judgment because pursuant to Rule 75.01 [2], Jefferson County lost jurisdiction over the matter thirty days after entering its May 9, 2002 judgment. Anderson contends that because he satisfied the two requirements in Section 408.040.2 [3], the Jefferson County May 9, 2002 judgment was not final, as it failed to address their request for pre-judgment interest, and Jefferson County, therefore, retained jurisdiction over the case until such was adjudicated. We disagree and therefore do not reach the four-factor analysis in *St. Louis University v. Hesselberg Drug Co.*

"The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01. However, an authorized after-trial motion, which the rules expressly provide for, "extends the time at which a judgment becomes final for up to 90 days." *American Family Mut. Ins. Co. v. Hart*, 41 S.W.3d 504, 511 (Mo.App. W.D. 2000); *see* Rule 81.05(a)(2). The Supreme Court recognized six authorized after-trial motions in *Taylor v. United Parcel Service, Inc.*, 854 S.W.2d 390, 392 (Mo. banc 1993):(1) a motion to dismiss without prejudice after the introduction of evidence is commenced; (2) a motion for directed verdict; (3) a motion for judgment notwithstanding the verdict; (4) a motion to amend the judgment; (5) a motion for relief from judgment or order; and (6) a motion for a new trial. *Id.* at 511–12. "Additionally, motions that operate as a motion for new trial, such as a motion for additur, are also authorized after-trial motions." *Id.* at 512.

Jefferson County entered judgment on May 9, 2002, and Anderson filed a motion for pre-judgment interest on the same day alleging that he had met the requirements of Section 408.040, and therefore was entitled to prejudgment interest as a matter of law. Nonetheless, a motion for pre-judgment interest is not an authorized after-trial motion.

As a result, the only rule Jefferson County could have utilized to consider

2. The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor. After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal.

3. In tort actions, if a claimant has made a demand for payment of a claim or an offer of settlement of a claim, to the party, parties or their representatives and the amount of the judgment or order exceeds the demand for payment or offer of settlement, prejudgment interest, at the rate specified in subsection 1 of this section, shall be calculated from a date sixty days after the demand or offer was made, or from the date the demand or offer was rejected without counter offer, whichever is earlier. Any such demand or offer shall be made in writing and sent by certified mail and shall be left open for sixty days unless rejected earlier. Nothing contained herein shall limit the right of a claimant, in actions other than tort actions, to recover prejudgment interest as otherwise provided by law or contract.

Anderson's motion would have been Rule 75.01. *See id.* at 513. "Under Rule 75.01, the circuit court can 'vacate, reopen, correct, amend, or modify its judgment' for good cause, but it only has the authority to act for thirty days after the entry of judgment." *Id.* (quoting Rule 75.01). However, a motion that asks the trial court to amend a judgment pursuant to Rule 75.01 is treated as a suggestion to the trial court, and likewise is not an authorized after-trial motion that extends the time a trial court has control over its judgment. *Bank of Kirksville v. First Bank Centre,* 924 S.W.2d 884, 886 (Mo.App. S.D.1996).

■ Because Anderson's motion for pre-judgment interest did not qualify as an authorized after-trial motion that could extend the time beyond June 9, 2002, and Jefferson County failed to rule on the motion until July 27, 2002, the May 9, 2002 judgment became final and appealable thirty days later on June 9, 2002, and, when no notice of appeal was filed within ten days of that date, Jefferson County lost jurisdiction. *See American Family Mut. Ins. Co.,* 41 S.W.3d at 513; *id.* (holding that "An attempt by a trial court to amend a judgment more than 30 days after it was entered is in excess of its jurisdiction and is void."). Having lost jurisdiction, Jefferson County's order entered on July 27, 2002, granting Anderson's motion for prejudgment interest, was therefore null and void.

■ Because the July 27, 2002 judgment awarding Anderson pre-judgment interest was null and void, St. Louis was not collaterally estopped from litigating the issue of pre-judgment interest. Point I is denied.

In his second point on appeal, Anderson argues the trial court erred in denying his motion for summary judgment because Section 408.040.2 mandates an award of pre-judgment interest when all of the requirements have been met.

It is not necessary for us to determine if an award of pre-judgment interest is mandatory upon meeting the requirements set out in Section 408.040 because Anderson failed to meet such requirements. The requirements set out in Section 408.040.2 for an award of pre-judgment interest are that: (1) The claimant made a demand for payment or an offer of settlement, and this demand or offer was left open for 60 days; and (2) The amount of the later judgment exceeded the claimant's demand or offer of settlement.

■ Anderson met the first requirement set out in Section 408.040.2 by mailing a certified demand letter to settle his personal injury claim in the amount of $30,000 on August 30, 2000, and including a request for pre-judgment interest in his petition filed in Jefferson County on September 1, 2000. However, Anderson failed to meet the second requirement set out in Section 408.040.2.

Jefferson County rendered a judgment on May 9, 2002, awarding Anderson $22,000 in compensatory damages and $10,000 in punitive damages. Anderson argues that the sum of these awards, $32,000, meets the criteria set out in Section 408.040, and thus, pre-judgment interest was mandated.

■ However, punitive damages do not qualify under Section 408.040.2 for pre-judgment interest. *Hoskins v. Business Men's Assurance,* 116 S.W.3d 557, 582 (Mo.App. W.D.2003); *see also Werremeyer v. K.C. Auto Salvage, Co., Inc.,* 2003 WL 21487311, *15, —— S.W.3d ——, —— (Mo. App. W.D.2003) (holding that "There are no Missouri cases in which prejudgment interest on punitive damages has been awarded."). In *Hoskins,* the Hoskins sued the owners of the building where Mr. Hos-

kins worked and the manufacturer and its successor of an asbestos-containing fireproofing material used in the building's construction for personal injuries and loss of consortium. *Id.* at 559. The trial court awarded the Hoskins actual and punitive damages and pre-judgment interest on the punitive damages award and the owners appealed. *Id.* at 580.

On appeal, one of the issues was whether prejudgment interest may be awarded on a trial court's judgment for punitive damages. As an issue of first impression in Missouri, in order to resolve this issue the court had to interpret Section 408.040.2 to determine the legislature's intent. *Id.* The court first reasoned that Section 408.040.2 seeks to make the plaintiff whole and noted that our Supreme Court has found that Section 408.040.2 serves two public policies: "(1) to 'compensate[ ] claimants for the true cost of money damages they have incurred due to the delay of litigation,' and (2) 'where liability and damages are fairly certain, it promotes settlement and deters unfair benefit from the delay of litigation.'" *Id.* at 582 (quoting *Brown v. Donham*, 900 S.W.2d 630, 633 (Mo. banc 1995)).

In contrast, the court further reasoned that punitive damages do not reflect amounts of money that the plaintiff would have had earlier but for the delays in litigation, but their purpose is to inflict punishment and to serve as an example and a deterrent to similar conduct, not to compensate the plaintiff for any loss sustained as a result of the defendant's conduct in litigation. *Id.* (citing *Call v. Heard*, 925 S.W.2d 840, 849 (Mo. banc 1996)). Accordingly, "to allow for prejudgment interest on a punitive damages award would effect an unreasonable, implausible or illogical result in light of the statute's purpose." *Id.*

Here, Anderson's demand for pre-judgment interest was made in the amount of $30,000. Non-inclusive of the punitive damages award, Anderson's judgment only amounted to $22,000. Therefore, Anderson failed to meet the monetary requirement of Section 408.040.2, and thus, was not entitled to pre-judgment interest. Points II is denied.

AFFIRMED.

LAWRENCE G. CRAHAN, J., and PATRICIA L. COHEN, J., concur.