**Kari Ann JOHNSON, Appellant,**

v.

**Paul Robert JOHNSON, Respondent.**

No. ED 82638.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 14, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 24, 2003.

Howard Allen Wittner, Wittner, Poger, Spewak, Maylack & Spooner, St. Louis, MO, for Appellant.

Susan Hais, Hais Group, P.C., Clayton, MO, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

Kari Ann Johnson (Appellant) appeals from a trial court judgment dissolving her marriage to Paul Robert Johnson (Respondent). Because Appellant's notice of ap-

peal was untimely filed, we dismiss the appeal for lack of jurisdiction.

We must determine our jurisdiction before proceeding to the merits of an appeal. *Am. Family Mut. Ins. Co. v. Hart,* 41 S.W.3d 504, 508 (Mo.App. W.D.2000). Jurisdiction is vested in an appellate court by the timely filing of a notice of appeal. *Id.*

The record on appeal has been filed and reflects the following. On September 23, 2002, a Family Court Commissioner entered Findings and Recommendations. On the same date, the judge adopted the Commissioner's Findings and Recommendations as the judgment of the trial court. On October 8, 2002, Appellant timely filed a motion for rehearing before a judge, pursuant to Section 487.030.2,[1] or in the alternative, a motion for new trial, pursuant to Rule 78.04.[2] Because the trial court did not rule on the motion for rehearing within forty-five days after its filing, the motion was deemed denied for all purposes on November 22, 2002. Section 487.030.2.[3] Because the trial court did not rule on the motion for new trial within ninety days after its filing, the motion was deemed overruled for all purposes on January 6, 2003. Rule 78.06; Rule 81.05(a). Appellant filed her notice of appeal on February 11, 2003, more than ten days after the judgment became final, and thus her notice of appeal is untimely. Rule 81.04(a).

We issued an order directing Appellant to show cause why her appeal should not be dismissed for an untimely filed notice of appeal. Rule 81.04(a). In her response to the order to show cause, Appellant argued that a motion to disqualify the trial court judge filed by Respondent on December 18, 2002,[4] was a timely filed motion that "commenced a ninety (90) day period within which the Court had to rule said motion and said motion would not have been deemed denied until March 18, 2003." Appellant presents no authority, and we find none, for the proposition that a motion to disqualify is an authorized after-trial motion that would affect the computation of time for filing a notice of appeal.

Authorized after-trial motions include: (1) a motion to dismiss without prejudice after the introduction of evidence is commenced under Rule 67.01; (2) a motion for a directed verdict under Rule 72.01(a); (3) a motion for judgment notwithstanding the verdict under Rule 72.01(b); (4) a motion to amend the judgment under Rule 78.04 [5]; (5) a motion for relief from judgment or order under Rule 74.06(a) and (b), but see, Rule 74.06(c); and (6) a motion for a new trial under Rule 78.04 [6]. *Taylor v. United Parcel Serv., Inc.,* 854 S.W.2d 390, 393 n. 1 (Mo. banc 1993). Motions that operate as motions for new trial, such as a motion for additur, also are considered authorized after-trial motions. *Massman Constr. Co. v. Missouri Highway & Transp. Comm'n,* 914 S.W.2d 801, 803 (Mo. banc 1996). A motion that operates as a motion for new trial is directed toward errors of fact or law in the trial. *Taylor,* 854 S.W.2d at 392.

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

2. All rule references are to Mo. R. Civ. P.2003, unless otherwise indicated.

3. The same result is reached if the motion is considered as a motion for rehearing before a judge filed under Rule 129.13.

4. We note that Respondent voluntarily dismissed his motion to disqualify without prejudice on January 9, 2003.

5. At the time of *Taylor,* the applicable rule was Rule 73.01(a)(3).

6. At the time of *Taylor,* the applicable rule was Rule 78.

Respondent's motion to disqualify is not an authorized after-trial motion identified in *Taylor* nor does it operate as a motion for new trial, as it does not contain allegations of trial court error of fact or law. The motion merely requested the judge not to preside over the pending post-judgment motion. Accordingly, the motion to disqualify was not an authorized after-trial motion, and therefore it did not extend the time at which the judgment became final and appealable.

■ Appellant's response to the order to show cause also refers to two other documents included in the legal file. One document, dated January 7, 2003, is labeled "Judgment." The other document, dated January 10, 2003, is labeled "Amended Judgment." Both documents refer to a motion for rehearing and a motion for new trial filed by Respondent and include a purported ruling by the trial court denying Respondent's motion for rehearing. Respondent filed a motion for rehearing before a judge, pursuant to Section 487.030.2, or in the alternative, a motion for new trial, pursuant to Rule 78.04, on October 28, 2002. Presuming that the motion for rehearing was timely filed,[7] it was deemed denied for all purposes on December 12, 2002, because the trial court did not rule on the motion within forty-five days after its filing. Section 487.030.2; Rule 129.13(b). Respondent's motion for new trial was untimely because it was filed October 28, more than thirty days after the entry of judgment, September 23. Rule

78.04. Thus, the two documents referred to by Appellant are a legal nullity.

Our jurisdiction depends on the timely filing of a notice of appeal and lacking that our only permissible action is to dismiss the appeal. *Moore ex rel. Moore v. Bi–State Dev. Agency,* 87 S.W.3d 279, 296 (Mo.App. E.D.2002). Accordingly, we dismiss the appeal for lack of jurisdiction due to an untimely filed notice of appeal.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

7. Section 487.030.2 states that a party may file a motion for rehearing "either within fifteen days after receiving notice of the findings of the commissioner at the hearing, or within fifteen days after the mailing, or within fifteen days after other service directed by the court." Rule 129.13(a) states that a party may file a motion for rehearing "within fifteen days after the mailing of notice of the filing of the judgment of the court." The record does not reflect when the parties received notice of the findings nor when the court mailed the notice of the judgment. Receipt of the notice of the findings under the statute could well be after mailing of the notice of the judgment under the rule. We need not resolve the inconsistency between the statute and the rule as our analysis presumes the timely filing of the motion under either the statute or the rule.