Pamela L. SIVIGLIANO, Appellant,

v.

## HARRAH'S NORTH KANSAS CITY CORPORATION, et al, Respondent.

### No. WD 65131.

Missouri Court of Appeals, Western District.

Feb. 21, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 2006.

Application for Transfer Denied May 2, 2006.

William Pickett and Mark Meyer, Kansas City, for appellant.

Paul Pautler, Jr., and Julianne Popper, Kansas City, for respondent.

RONALD R. HOLLIGER, Judge.

Pamela Sivigliano appeals from the circuit court's dismissal of her petition alleging wrongful discharge by Harrah's North Kansas City Corp. ("Harrah's"). Sivigliano's sole point on appeal alleges that the circuit court incorrectly concluded that her petition fails to state a cause of action under the public policy exception to the at-will employment doctrine. Affirmed.

## Standard of Review

We review *de novo* a trial court's grant of a motion to dismiss. *Weems v. Montgomery*, 126 S.W.3d 479, 484 (Mo.App. 2004).

A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 306 (Mo. banc 1993) (citation omitted).

## Facts

Ms. Sivigliano's petition alleged the following facts: She was employed by Harrah's from September 1994 until her termination in November 2000. At all times of her employment, she was an employee at-will. On September 15, 2000, she was working as Relief Shift Manager of Finance when her fellow employee Ms. Davis (whose place in Harrah's chain of command is unstated in the petition) informed her that two of Ms. Sivigliano's subordinates had been accused of sexually harassing another employee. Davis ordered Sivigliano to tell the accused to stop their inappropriate behavior. Sivigliano protested that Harrah's company policy on handling allegations of harassment prohibited her from speaking directly with the accused. Davis told Sivigliano that if she did not do as instructed, Sivigliano would be "written up."

Sivigliano reported this conversation and her concern about following Harrah's harassment-reporting procedure to her immediate supervisor, comptroller Mr. Kolikias, who ordered her to follow Davis's instructions. The next day, Davis asked Sivigliano if she had spoken to the accused, and she said she had not, and again expressed her concern about violating company policy. Davis again ordered Si-

vigliano to speak to the accused. Davis reiterated that failing to follow this order would result in Sivigliano being written up for insubordination.

Sivigliano then spoke to the accused as directed, and subsequently reported to Harrah's Human Resources Department the preceding conversations and events. Sivigliano was then reprimanded and demoted and her pay was reduced because she had spoken to the accused, in violation of the procedures prescribed by Harrah's company policy. In November 2000, Sivigliano was fired for reasons she alleges are false and pretextual. Sivigliano's petition alleges that she was actually fired for whistle blowing, "and as such her termination was wrongful and in violation of the public policy of Missouri, and [her] discharge was otherwise in violation of Missouri public policy."

The circuit court granted Harrah's motion to dismiss for failure to state a claim pursuant to Rule 55.27(a)(6). This appeal followed.

## Discussion

"Missouri's employment-at-will doctrine historically has permitted an employer to discharge an at-will employee, for cause or without cause, without liability for wrongful discharge, provided that the employee is not otherwise protected by a contrary statutory provision." *Adolphsen v. Hallmark Cards, Inc.*, 907 S.W.2d 333, 335–36 (Mo.App.1995) (citing *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988)). Missouri appellate courts have carved—and the Missouri Supreme Court has acknowledged[1]—a narrow exception to the at-will doctrine:

An [at-will] employee has a cause of action for wrongful discharge if he or she was discharged for: (1) refusing to perform an illegal act or an act contrary to a strong mandate of public policy; (2) reporting wrongdoing or violations of law or public policy by the employer or fellow employees to superiors or third parties; (3) acting in a manner public policy would encourage . . .; or (4) filing a workers' compensation claim.

*Dunn v. Enterprise Rent–A–Car Co.*, 170 S.W.3d 1, 6 (Mo.App.2005) (internal quotation marks omitted). We must review her pleading's factual allegations in light of these to determine if she has adequately pled the applicability of one or more of these exceptions.

■ Sivigliano alleges on appeal that her petition satisfactorily pleads the public policy provision of each of the first three exceptions. However, she plainly does not plead an *illegal* act under the first exception, or a violation of *law* under the second exception, because the petition alleges that she was ordered to violate a provision of Harrah's *company* policy, not a provision of any law or regulation. She argues, however, that because the company policy was adopted pursuant to state and federal policies against sexual harassment in the workplace, her discharge for violating (or for initially refusing to violate, or for blowing the whistle on her supervisor's order to violate) the company policy invokes the protection of the public policy exceptions to the at-will doctrine.

■ We disagree. In Missouri, a "pleading that sets forth a claim for relief . . . shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief[.]" Rule 55.05. "The purpose of fact-pleading is to present, define[,] and isolate the controverted issues so as to advise the trial court and the parties of the issues to be tried and to expedite the trial of a cause on the merits.

---

**1.** *Luethans v. Wash. Univ.*, 894 S.W.2d 169, 171 n. 2 (Mo. banc 1995).

The pleadings limit and define the issues of the case." *Luethans v. Wash. Univ.*, 894 S.W.2d 169, 171–72 (Mo. banc 1995) (citations and internal quotation marks omitted). However, to satisfy Rule 55.05, the pleading need not label the plaintiff's theory of recovery. *Empiregas, Inc. of Rolla v. Whitson*, 902 S.W.2d 347, 348 (Mo.App.1995). To survive a motion to dismiss, Sivigliano "must plead ... the elements of a cause of action under an exception to the employment-at-will doctrine." *Adolphsen*, 907 S.W.2d at 335 (Mo. App.1995). In *Adolphsen* the plaintiff, a corporate pilot, alleged that he was fired for whistle-blowing about Hallmark's violation of unspecified FAA regulations. *Id.* There we held that "the specific facts on which liability is based must be pleaded with particularity" where the defendant's actions fall within a category generally not considered actionable such as discharge of an at-will employee. *Id.* at 338.

*Adolphsen* made clear that "it will not be considered sufficient merely to plead that an employee was discharged because the employee reported the violation of a regulation by an employer." *Id.* Rather, "[a] petition must specify the legal provision violated by the employer, and it must affirmatively appear from the face of the petition that the legal provision in question involves a clear mandate of public policy." *Id.* at 338–39. Sivigliano's petition alleges only facts revolving around Harrah's *company* policy, not a legal provision. Although Harrah's sexual harassment policy may indeed have been adopted to generally further the aims of state and federal policies against sexual harassment, this does not mean that the violated provision of the Harrah's policy (whatever it is), barring Sivigliano from talking directly with her subordinates about their alleged misconduct, constitutes a "clear mandate of public policy" or otherwise violates some specific law or regulation. No legal provi-

sion, let alone a clear mandate of public policy, "affirmatively appear[s] from the face of" Sivigliano's petition. Even the operative text of the company policy appears nowhere in the petition, leaving us to speculate about how the company policy might implicate public policy, which we will not do.

The judgment is affirmed.

PATRICIA A. BRECKENRIDGE, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.