**FORD MOTOR CREDIT COMPANY,**
**Respondent,**

v.

**Paula J. UPDEGRAFF, Appellant.**

**No. WD 66331.**

Missouri Court of Appeals,
Western District.

April 10, 2007.

Jeffrey A. Befort, Kansas City, MO, for respondent.

Dale K. Irwin, Kansas City, MO, for appellant.

Before SMART, P.J., and EDWIN H. SMITH and HARDWICK, JJ.

EDWIN H. SMITH, Judge.

Paula J. Updegraff appeals the judgment of the Circuit Court of Clay County, for the respondent, Ford Motor Credit Company, on its petition for a deficiency judgment of $5,831.90, in accordance with §§ 400.9-101—400.9-710,[1] with respect to the repossession and sale of the appellant's 2001 Ford Focus, which had been financed by the respondent.

The appellant raises three points on appeal. In Point I, she claims that the trial court erred in admitting evidence of the respondent's sale of the Ford Focus, because it was outside the pleadings. In Point II, she claims that the trial court erred in entering judgment for the respondent, because the evidence was insufficient to show a required proof element of its claim, that in selling the Ford Focus, it strictly complied with § 400.9-610(b), requiring that the sale be done in a commercially reasonable manner. In Point III, she claims that the trial court erred in entering judgment for the respondent, because the evidence was insufficient to show a required proof element of its claim, that in disposing of the collateral it complied with the requirements of §§ 400.9-611 and 400.9-614.

Because we determine, *sua sponte*, that the respondent's petition for a deficiency judgment failed to state a cause of action upon which relief could be granted, we dismiss for a lack of jurisdiction to review the appellant's appeal on the merits and remand.

## Facts

On July 5, 2001, the appellant purchased a 2001 Ford Focus from Thoroughbred Ford, Inc., in Kansas City, Missouri, for $16,650. She also purchased an extended service contract (ESC) on the Focus for $1,475, resulting in a total purchase price of $18,125. After making a down payment of $3,000, the remaining balance, $15,125, was financed by Thoroughbred. The finance contract required the appellant to make sixty monthly payments of $298.78 until the principal and interest thereon were paid in full and gave Thoroughbred a security interest in the Focus. The contract was later assigned to the respondent.

The appellant failed to make her payments on the Focus in April and May of 2002, and accordingly, on July 14, 2002, the respondent repossessed it. On July 16, 2002, the respondent sent the appellant a "Notice of Our Plan to Sell Property," which indicated that it was going to sell the Focus at a private sale no sooner than ten days from July 16, 2002. On September 25, 2002, at the Kansas City Auto Auction, the respondent sold the Focus for $8,300, leaving a balance due from the appellant of $5,927.04.

On August 4, 2004, the respondent filed a petition in the Circuit Court of Clay County seeking a deficiency judgment of $5,927.04. The petition was taken up and heard by the court on October 6, 2005. Prior to the presentation of evidence, the respondent sought leave to amend its petition by interlineation to reduce the amount of the deficiency sought from $5,927.04 to $5,331.90, reflecting the refund due the appellant on the ESC. The trial court granted leave to amend.

---

1. All statutory references are to **RSMo, 2000,** unless otherwise indicated.

At trial, over the appellant's objection that the evidence was beyond the scope of the pleadings, the trial court allowed the testimony of Sherry Gerstner, a dealer account manager employed by Ford Motor Company, regarding the details of the sale of the Focus. On November 17, 2005, the trial court entered judgment in favor of the respondent in the amount of $5,831.90, which included $5,331.90 for the deficiency and $500 for attorney's fees.

This appeal follows.

### Appellate Jurisdiction

■ In every case, before considering the merits of the appeal, we must first determine, *sua sponte,* our jurisdiction to do so, in that if we do not have jurisdiction, we must dismiss. *Brock v. Blackwood,* 143 S.W.3d 47, 55 (Mo.App.2004). "Our jurisdiction to review on the merits is predicated on the trial court's having jurisdiction to enter the judgment appealed." *Id.* If the trial court lacked jurisdiction to enter the judgment, then we lack jurisdiction to review it on the merits. *Id.* In that case, we only have jurisdiction to determine our jurisdiction in the first instance. *Id.*

■ In this case, our appellate jurisdiction is called into question by the appellant's argument in Point I. In making her claim, that the trial court erred in admitting evidence of the respondent's sale of the Focus because it was outside the pleadings, the appellant contends that the respondent, in pleading for a deficiency judgment with respect to §§ 400.9–101— 400.9–710, violated § 408.556.1, in that the respondent's petition did not allege any facts to show compliance with § 400.9– 610, as required, *inter alia,* by § 408.556.1. Section 408.556.1 reads:

In any action brought by a lender against a borrower arising from default, the petition shall allege the facts of the borrower's default, facts sufficient to show compliance with the provisions of sections 400.9–601 to 400.9–629, RSMo, which provisions are hereby deemed applicable to all credit transactions, with respect to any sale or other disposition of collateral for the credit transaction, the amount to which the lender is entitled, and an indication of how that amount was determined.

Given the express language of this subsection, it mandates, *inter alia,* that to properly plead a cause of action for a deficiency judgment, the petition must allege, *inter alia,* facts sufficient to show compliance with the provisions of § 400.9–610(b). **Section 400.9–610(b)** reads:

(b) Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable. If commercially reasonable, a secured party may dispose of collateral by public or private proceedings, by one or more contracts, as a unit or in parcels, and at any time and place and on any terms.

Hence, to state a cause of action for a deficiency judgment, the respondent, *inter alia,* had to plead compliance with the mandate of § 400.9–610(b). And, the failure to do so would require dismissal, pursuant to **Rule 55.27(a)(6)**,[2] for failure to state a cause of action upon which relief could be granted.

■ The issue of whether a petition states a cause of action upon which relief can be granted is inherent in every appeal and may be raised *sua sponte* by both the trial and appellate courts. *Brock,* 143

---

**2.** All rule references are to **Missouri Rules of Civil Procedure, 2006,** unless otherwise indicated.

S.W.3d at 55–56. "This is because the failure to state a claim on which relief can be granted essentially deprives the trial court of subject matter jurisdiction and, thus, the authority to rule on the plaintiff's petition; and if the trial court lacked subject matter jurisdiction to rule, we necessarily have no jurisdiction to review the court's ruling on the merits." *Id.* at 56 (internal quotation marks and citation omitted).

The respondent contends that it did not violate the mandate of § 408.556.1, that "the petition shall allege … facts sufficient to show compliance with the provisions of sections 400.9–601 to 400.9–629," specifically, § 400.9–610(b), as alleged by the appellant, in that it pled, *inter alia:* "The Plaintiff has performed all of its duties and obligations under the aforesaid contract; *furthermore, all conditions precedent have occurred,* including but not limited to the giving of any Notice of Sale that may be required by law, Defendant has breached said contract." (Emphasis added.) In so contending, the respondent relies on **Rule 55.16** and § 509.170, both of which read, in pertinent part: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." In other words, the respondent is contending that the express mandate of § 408.556.1, that it plead "facts sufficient to show compliance with the provisions of sections 400.9–601 to 400.9–629," is a condition precedent in pleading a proper cause of action for a deficiency judgment such that despite the express language of the mandate, **Rule 55.16** and § 509.170 permitted it to plead in conclusory fashion that *"furthermore, all conditions precedent have occurred."* Hence, in determining, *sua sponte,* our jurisdiction in this case to review on the merits, the issue is whether, pursuant to **Rule 55.16** and

§ 509.170, the allegation in the respondent's petition, that *"furthermore, all conditions precedent have occurred,"* was sufficient to comply with the mandate of § 408.556.1, that to properly plead a cause of action for a deficiency judgment, the plaintiff must have pled "facts sufficient to show compliance with the provisions of sections 400.9–601 to 400.9–629."

■■■ The mandate of § 408.556.1, with respect to the pleading of *facts* to state a cause of action for a deficiency judgment, is consistent with the requirement of **Rule 55.05**, that a plaintiff's petition must "contain [ ] a short and plain statement of the facts showing that the pleader is entitled to relief[.]" The purpose of this fact-pleading requirement "is to present, define[,] and isolate the controverted issues so as to advise the trial court and the parties of the issues to be tried and to expedite the trial of a cause on the merits." *Sivigliano v. Harrah's N. Kan. City Corp.,* 188 S.W.3d 46, 48 (Mo.App. 2006) (internal quotation marks and citation omitted). "Although the petition does not have to plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement and cannot rely on mere conclusions." *Brock,* 143 S.W.3d at 56. In determining whether a petition states a cause of action upon which relief can be granted, we are to disregard conclusions not supported by the facts pled. *Id.* The failure to plead facts entitling the pleader to the relief requested, as required by **Rule 55.05**, deprives the trial court of jurisdiction to grant it. *Id.*

The standard for determining whether a pleading states a claim on which relief can be granted is set forth in *Brock:*

In determining whether a petition states a claim on which relief can be granted, all facts properly pleaded are

assumed true, the averments are given a liberal construction, and the petition is accorded those reasonable inferences fairly deducible from the facts stated. We construe the allegations favorably to plaintiff to determine whether they invoke principles of substantive law and inform defendant of what plaintiff will attempt to establish at trial. A plaintiff's petition states a cause of action where its averments invoke principles of substantive law which may entitle the plaintiff to relief. A petition is sufficient if it [ ] invokes substantive principles of law entitling plaintiff to relief and alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial. It should not be dismissed for mere lack of definiteness or certainty or because of informality in the statement of an essential fact. In assessing the sufficiency of a petition[,] [n]o attempt is made to weigh the factual allegations contained in the petition to determine whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

143 S.W.3d at 56 (internal quotation marks and citations omitted).

In *Textron Fin. Corp. v. Trailiner Corp.*, 965 S.W.2d 426, 427 (Mo.App.1998), like here, the issue on appeal was whether the plaintiff had pled a proof element of its claim for a deficiency judgment—compliance with § 400.9–504(3), RSMo 1994, the predecessor of § 400.9–610(b), to allow the admission of evidence demonstrating such compliance. **Section 400.9–504(3)** read, in pertinent part:

Disposition of the collateral may be by public or private proceedings.... [E]very aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor.

*Textron*, 965 S.W.2d at 428. As stated, *supra*, § **400.9–610(b)** reads:

Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable. If commercially reasonable, a secured party may dispose of collateral by public or private proceedings, by one or more contracts, as a unit or in parcels, and at any time and place and on any terms.

After determining that compliance with the notice provisions of § 400.9–504(3) was a "statutorily-created condition precedent," which the plaintiff was required to plead and prove for a deficiency judgment, the court in *Textron* held that the plaintiff's petition in that regard was insufficient. *Id.* at 429–30. In so holding, the court stated:

Plaintiff pled nothing about a sale of the collateral, or compliance with the notice provisions of § 400.9–504(3), or facts that would allow an inference that conditions precedent for obtaining judgment had been performed. A missing element is not fatal to a petition if the element is inferable from facts pled. However, Plaintiff's petition, when liberally read, does not plead ultimate facts or contain allegations allowing an inference that § 400.9–504(3) was even implicated.

*Id.* at 430 (citation omitted). *Textron*, therefore, not only stands for the proposi-

tion that the plaintiff in an action for a deficiency judgment must plead and prove compliance with what is now § 400.9–610(b), as a statutory condition precedent, but it also stands for the proposition that in pleading such compliance, the plaintiff must allege: (1) facts about the sale of the collateral; (2) compliance with the notice provisions of § 400.9–610(b); or (3) facts that would allow an inference that the condition precedent had been performed. *Id.* The *Textron* pleading requirements, as to compliance with § 400.9–610(b), are consistent with the purpose of fact-pleading under **Rule 55.05**, which as we noted, *supra*, is to give opposing parties and the trial court notice of the relevant issues that will be presented at trial, *Sivigliano*, 188 S.W.3d at 48.

■ While the *Textron* court made no mention of **Rule 55.16** or § 509.170 in holding that the plaintiff must plead facts about the sale and notice of the sale, or at least facts that would allow an inference that the condition precedent had been performed, we do not think the court's holding in *Textron* is contrary to their mandates. Giving the language of both **Rule 55.16** and § 509.170 its plain and ordinary meaning, *see Jones v. Jackson County Circuit Court*, 162 S.W.3d 53, 61 (Mo.App. 2005) (holding that in interpreting rules and statutes, courts are to give the language used its plain and ordinary meaning), it is clear that in providing that it is sufficient to allege "generally" that all conditions precedent have been performed or have occurred, the Missouri Supreme Court and the legislature did not intend, as the respondent contends, that the pleader can simply plead in total conclusory fashion, as the respondent did here in its petition, that "all conditions precedent have occurred, including but not limited to the giving of any Notice of Sale that may be required by law." To hold otherwise would be to totally emasculate the purpose

of **Rule 55.05**. Hence, to accept the respondent's interpretation of **Rule 55.16** and § 509.170, with respect to pleading compliance with § 400.9–610(b), would force us to ignore **Rule 55.05**. This we cannot do. Where there are some apparent differences between rules or statutes, we are to attempt to harmonize their provisions. *City of Clinton v. Terra Found., Inc.*, 139 S.W.3d 186, 189 (Mo.App.2004). Accepting the *Textron* approach clearly harmonizes **Rule 55.16** and § 509.170 with **Rule 55.05** with respect to pleading in compliance with § 400.9–610(b). In other words, we do not find pleading "generally," as provided in **Rule 55.16** and § 509.170, as being inconsistent with the requirements of **Rule 55.05** and the holding in *Textron* regarding pleading in compliance with § 400.9–610(b).

Given our reading of *Textron*, it is clear to us that, in this case, the respondent's petition failed to sufficiently allege compliance with the provisions of § 400.9–610(b). Here, as in *Textron*, the respondent did not allege either: (1) facts about the sale of the collateral; (2) compliance with the notice provisions of § 400.9–610(b); or (3) facts that would allow an inference that the condition precedent had been performed or had occurred. As such, the trial court, pursuant to **Rule 55.27(a)(6)**, should have dismissed, *sua sponte*, the respondent's petition, for failure to state a claim upon which relief could be granted, rendering its judgment for the respondent on its petition for a deficiency judgment, with respect to the repossession and sale of the appellant's 2001 Ford Focus, void *ab initio*, depriving us of jurisdiction to review it on the merits. *Brock*, 143 S.W.3d at 55.

## Conclusion

The appellant's appeal is dismissed for a lack of jurisdiction to review the judgment

of the trial court on the merits, because the respondent's petition failed to state a claim on which relief could be granted. The cause is remanded to the trial court to enter its order: (1) setting aside and vacating its judgment for the respondent, and (2) dismissing the respondent's petition in accordance with **Rule 55.27(a)(6).**

SMART, P.J., and HARDWICK, J., concur.