**Mark Allen BREIHAN, Appellant,**

v.

**Mary Lisa BREIHAN, Respondent.**

**No. ED 90793.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 2, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 9, 2008.

Susan M. Hais, J. Robert Dennis, co-counsel, Clayton, MO, for appellant.

Brian H. May, Clayton, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Mark Breihan ("Husband") appeals from the December 5, 2007 judgment of the trial court that granted the motion of Mary Lisa Breihan ("Wife") to set aside a family court order of December 18, 2006 ("Family Court Judgment"). The trial court lacked jurisdiction, and therefore this Court lacks jurisdiction. Accordingly we dismiss the appeal and vacate the trial court judgment.

The marriage of Husband and Wife was dissolved by a judgment of decree of dissolution on November 3, 2000 ("Dissolution Decree"), which was a final judgment. In the Dissolution Decree, each was awarded

one-half of a note receivable ("Note") from a company owned by Husband, which had as its principal asset a parcel of real estate. The value of the Note was listed as unknown. It took several years to sell the parcel of land, which brought in proceeds of $330,829.49 to the company, which in turn wrote a check to Husband for $335,565.78. This represented the assets of Husband's company, which included the proceeds from the land sale and the funds in the company's bank account. Husband allegedly tendered a check to Wife for $167,782.89 as payment for her one-half of the Note. Wife purportedly refused the tender and filed suit against Husband in a separate action, retaining Richard Witzel ("Attorney Witzel") to represent her in that action. On October 12, 2006, Husband filed motions to determine amounts due and to cite Wife for contempt in family court. The following day, the family court issued an order to show cause, and set a hearing date of December 18, 2006. The family court also granted Husband's request for the appointment of a special process server. Husband retained the firm of Frederick Investigations, Inc. ("Process Server") to serve Wife with the motion to determine amounts due, motion to cite for contempt, the order to show cause, and the notice for the December 18, 2006 hearing.

Employees of Process Server allegedly attempted to serve the pleadings to Wife on several occasions in November 2006, but did not succeed until 4:51 p.m., December 15, 2006, which was a Friday.[1] On that date, an employee of Process Server succeeded in serving the pleadings to Wife while she was in her vehicle stopped at a red light.

The family court held the hearing on Husband's motions to determine amounts due and to cite for contempt, and on its order to show cause on Monday, December 18, 2006, three days after Wife was served with the pleadings. Wife did not appear. Husband and his counsel were present, and presented evidence. The family court issued the Family Court Judgment, which noted that Wife was personally served on December 15, 2006. It noted the Dissolution Decree, and found that Wife was awarded one-half of the Note, value unknown. It further found that Husband tendered payment of $167,782.89 to Wife, who refused to accept it. The family court also found that Husband made reasonable efforts to pay the money due Wife by tendering the check for $167,782.89. It concluded that Wife intentionally and contumaciously refused to accept the tendered payment and filed a lawsuit for damages against Husband. It also concluded that

1. An email was sent to Attorney Witzel, Wife's lawyer in her conversion action against Husband by his attorney in that case, regarding the proceedings in family court, with attachments of Husband's motions and referring to the December 18, 2006 hearing date for the order to show cause. Attorney Witzel was not Wife's attorney of record in any of the proceedings in family court, and he stated so in an affidavit submitted to the trial court. In that affidavit, Attorney Witzel also stated that he was never authorized to receive any service, notice or pleading for Wife with regard to the family court proceedings. Attorney Witzel averred that when Husband's counsel in the conversion action mentioned the family court matter to him after a courthouse meeting on the conversion case, he informed that attorney that he was not "in any way" involved or retained for the family court matter and that he neither could nor would accept any service with regard to that case. Attorney Witzel also stated he had no knowledge of the December 18th hearing prior to its completion. He further added that while he received an email from the law firm representing Husband in the conversion action, with the subject *"Leskiw v. Breihan Family Court Pleadings [,]"* he did not open that email "it having no application to the matter in which [he] was retained" and that the email remained unopened.

Wife, who did not appear at the hearing, failed to present adequate facts or persuasive evidence to excuse her noncompliance with the Dissolution Decree. The family court concluded that Wife was in contempt of the Dissolution Decree. It found that Husband owes Wife $167,782.89 for the Wife's one-half of the Note pursuant to the Dissolution Decree, and that Wife is in contempt for failing to accept the tendered payment as full satisfaction for the amounts owed to Wife. It ordered that upon Husband's tender of $167,782.89 to Wife, his obligation to pay one-half of the Note shall be satisfied in full.

On December 27, 2006, Wife's counsel entered his appearance and filed a motion to set aside the Family Court Judgment and quash service, with an affidavit from Wife attached. The matter was assigned to the trial court, which reviewed the Family Court Judgment and held a hearing on February 5, 2007. The trial court found that there was personal service upon Wife, but deferred ruling on whether there was sufficient notice to Wife of the December 18, 2006 hearing. The trial court ordered the parties to file briefs in support of their positions.

The trial court issued its judgment on December 5, 2007. It stated all of the pleadings, documents, evidence, and arguments that it considered. It found that Wife was personally served on December 15, 2006, but also that such service did not provide her with reasonable notice, "and thus denied [Wife] her right to due process." It granted her motion to set aside judgment and quash service of process, and vacated the Family Court Judgment and set it aside.

Husband now appeals from this judgment.

In his sole point relied on, Husband contends that the trial court erred in setting aside the Family Court Judgment.

He asserts that the trial court erroneously applied the law regarding Rule 74.05, and lacked a basis for setting aside that judgment. Husband also avers that the trial court erroneously applied the law set forth in Rule 74.06 and that trial court's judgment lacks a basis, is not supported by substantial evidence, is against the weight of the evidence, and misapplies the law. He also argues that the trial court misapplied the law in finding that Wife did not receive reasonable notice of the December 18, 2006 hearing. Husband avers that both the family court and the trial court found that Wife received personal service of the order to show cause and his motions on December 15, 2006, and the family court found that she was provided with reasonable notice, but she did not make an effort to seek a continuance and acted "with reckless disregard" of the order to show cause. Husband also contends that the trial court erred in setting aside the Family Court Judgment because Wife's motion to set aside was denied by operation of law when the trial court did not rule on it within ninety days of the filing of that motion. Husband argues that therefore the Family Court Judgment became a final judgment after that ninety day period, and the trial court lacked jurisdiction to set aside the Family Court Judgment.

 This Court has a duty to determine whether it has jurisdiction before it can consider the merits of an appeal, whether or not this issue is raised by any party. *See Ford Motor Credit Co. v. Updegraff,* 218 S.W.3d 617, 620 (Mo.App. 2007). This Court's jurisdiction to consider the merits of an appeal is predicated on the trial court having jurisdiction to enter the judgment that is appealed. *Id.* (quoting *Brock v. Blackwood,* 143 S.W.3d 47, 55 (Mo.App.2004)). If the trial court lacked jurisdiction to enter the judgment, we accordingly lack jurisdiction to review it on

the merits. *Id.* Thus, this Court is required to determine whether the trial court had jurisdiction to adjudicate the matter at issue. *See Shelton v. Shelton,* 201 S.W.3d 576, 579 (Mo.App.2006). In the present case, Husband asserts that the trial court lacked jurisdiction because it did not rule on Wife's motion to set aside the Family Court Judgment within ninety days, and therefore denied it by operation of law, making the Family Court Judgment a final judgment.

Wife's action to set aside the Family Court Judgment was denominated as a motion to set aside judgment and quash service of process. She did not specify in that motion that she was proceeding pursuant to Rule 74.05(d) or Rule 74.06, or some other basis. If Wife's motion were an authorized after-trial motion, timely filed, then Rule 81.05 would apply, and the motion would be deemed overruled if the trial court did not rule on it within ninety days of the filing of the motion. In that event, the trial court lost jurisdiction long before it entered the judgment of December 5, 2007.

■ The Family Court Judgment in this case is a "special order after final judgment." A special order after final judgment " 'contemplates that a judgment has become final and that one of the parties is attempting to enforce the judgment or to attack the enforcement of the judgment [with a subsequent order].' " *Brooks v. Brooks,* 98 S.W.3d 530, 531 (Mo. banc 2003) (quoting *State ex rel. Westmoreland v. O'Bannon,* 87 S.W.3d 31, 34 (Mo.App. 2002)). This is precisely what the Family Court Judgment did, seeking to enforce the terms of the Dissolution Decree. A special order after final judgment can be appealed. Section 512.020(5) RSMo. Cum. Supp.2006.

Rule 74.01(a) provides that a "judgment" as used in the Missouri Rules of Civil Procedure "includes a decree and any order from which an appeal lies." Accordingly, the Family Court Judgment, which was denominated a judgment, is a judgment under Rule 74.01(a). *See id.* at 532. Rule 81.05(a) provides that for the purpose of determining the time within which an appeal may be taken that:

(1) A judgment becomes final at the expiration of thirty days after its entry if no timely after-trial motion is filed.

(2) If a party files an authorized after-trial motion, the judgment becomes final at the earlier of the following:

(A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or

(B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

. . .

A motion requesting relief from a judgment or order pursuant to Rule 74.06(a) or (b) is an authorized after-trial motion. *See Taylor v. United Parcel Service,* 854 S.W.2d 390, 391 n. 1 (Mo. banc 1993); *Johnson v. Johnson,* 122 S.W.3d 613, 614 (Mo.App.2003). Wife's motion to set aside the Family Court Judgment, which was filed within thirty days of the entry of judgment, is an authorized after-trial motion. Although the trial court did hold a hearing on February 5, 2007, and did find that process had been served on Wife, it did not rule on the remainder of Wife's motion to set aside within ninety days of the date that it was filed, December 27, 2006. Accordingly, it was overruled. *Klaus v. Shelby,* 4 S.W.3d 635, 637 (Mo. App.1999). By the time that the trial court attempted to rule on the motion to set aside on December 5, 2007, it had long since lost jurisdiction to do so.

Assuming alternatively that Wife's motion to set aside the Family Court Judgment was a motion to set aside the Family Court Judgment as a default judgment under Rule 74.05(d), the trial court still lacked jurisdiction to grant the motion in its December 5, 2007 order. Rule 74.05(d) was amended, effective January 1, 2007, such that a motion to set aside a default judgment filed under that rule is always an independent action, even if filed within thirty days after the default judgment. However, under Rule 74.05(d) as it existed on December 27, 2006, when Wife's motion was filed, a motion to set aside a default judgment that was filed within thirty days of the entry of the judgment is treated as an authorized after-trial motion, and deemed to be the equivalent of a motion for a new trial. *See Paskon v. Wright,* 230 S.W.3d 24, 27 (Mo.App.2007). Accordingly, the motion to set aside extended the jurisdiction over the Family Court Judgment for ninety days from the date that the motion was filed, December 27, 2006. *Id.* As this Court held in *Paskon,* "If the trial court has not ruled upon the motion during the ninety-day period, it is deemed automatically denied on the ninetieth day. Thereafter, the trial court lacks jurisdiction to take any action on the motion to set aside." *Id.* (internal citations omitted).

The trial court did not rule on Wife's motion to set aside within ninety days of the date of its filing. Pursuant to Rule 81.05(a)(2)(A), it was automatically denied on the ninetieth day. An appeal from that denial was not filed. The trial court no longer had jurisdiction by the time that it entered its order of December 5, 2007. This Court's jurisdiction is derivative; therefore we also lack jurisdiction to review this appeal on the merits and it must be dismissed. *See Shelton,* 201 S.W.3d at 581.

For the foregoing reasons, this appeal is dismissed. The December 5, 2007 judgment of the trial court is vacated.

ROBERT G. DOWD, JR., and SHERRI B. SULLIVAN, JJ., concur.